

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

March 12, 1970

Hon. Dwayne V. Overstreet
County Attorney
Hardin County
Kountze, Texas  77625

Dear Sir:

Opinion No. M-594

Re: Whether deadline for filing
for office of County Treasurer
is extended under facts stated;
and if it is, the date to
which it is extended.

          In your letter requesting an opinion you set out the
following facts which we quote:

          "On February 23, 1970, Mr. Clyde Haynes,
the duly elected County Treasurer of Hardin
County, Texas, failed to pay the balance of
his assessment due to the Democratic Party.
Mr. Haynes had previously deposited $50.00
with the party and filed as a candidate for
re-election.  The chairman of the Democratic
Party in and for Hardin County, Texas, states
that Mr. Haynes told him by telephone on the
23rd day of February, 1970, some time before
the final hour of the deadline for payment of
the balance of the assessment that he was going
to withdraw from the race of County Treasurer.
On February 24, 1970, the chairman to the Demo-
cratic Party handed to me a copy of the following
letter:

                                        'February 24, 1970

Honorable Herman Adams
P. O. Box 845
Silsbee, Texas  77656

Dear Herman:

          With much regret, due to recent illness
that has restricted my activities for the next

-2831-

several weeks, it was necessary for me to withdraw
from the race of County Treasurer.

Sincerely,


/s/ Clyde Haynes
Clyde Haynes, Co. Treas.
Hardin County, Texas.'"

The above letter is not "duly acknowledged" as provided by Section
2c of Article 13.12 of the Texas Election Code.

In addition to the foregoing facts we are informed
that the County Democratic Chairman made a public announcement
that he was accepting applications through 6 p.m., March 10,
1970, for the office of County Treasurer and such notification
was carried in the Beaumont Enterprise, a newspaper of general
circulation in Hardin County.

In view of the foregoing facts you have proposed the
following question:

"Is the filing deadline for the office of
County Treasurer under this fact situation ex-
tended for 15 days. If it is extended for 15
days, is the final date March 10, 1970, at 6 p.m."

Section 2a of Article 13.12 of the Texas Election Code
reads as follows:

"2a. The filing deadline stated in Para-
graph 2 of this article shall be extended for
the particular party primary and office involved,
as provided in this paragraph: (1) if between
the fifth day preceding the first Monday in
February and the 30th day preceding the general
primary, both dates included, any candidate for
an office dies, if the candidate had complied
with all prerequisites for having his name placed
on the ballot which he was required to perform
by the date of his death; (11) if between the
first Monday in February and the 30th day pre-
ceding the general primary, both dates included,
any candidate who is seeking nomination to an
office which he then holds, withdraws or is de-
clared ineligible for election to that office;

or (iii) if between the first Monday in February and the 30th day preceding the general primary, both dates included, the only candidate who has filed for a particular office in the primary of that party withdraws or is declared ineligible. In the enumerated circumstances, the name of the deceased, withdrawn, or ineligible candidate shall not be printed on the ballot, and applications for that party's nomination for that office may be filed not later than 6 p.m. on the 15th day following the death, withdrawal, or declaration of ineligibility of the candidate; provided, however, that where the death, withdrawal, or declaration of ineligibility occurs less than 15 days before the 25th day preceding the primary, the deadline for filing shall be 6 p.m. on the 25th day preceding the primary. Notwithstanding the provisions of Paragraph 2b of this article, an application which is not received by the chairman until after 6 p.m. on the 25th day shall not be timely, and applications mailed but not actually received by that time shall not be accepted for filing. Further, notwithstanding the provisions of Article 13.08 or any other provision of this code, the full amount of the assessment or filing fee must be received by the chairman not later than 6 p.m. on the 25th day."

It appears that the purpose of enacting the provisions of Subdivision (ii) of Section 2a was to extend the filing deadline in those instances where a candidate (who is an officeholder) decides not to run and whose name will not appear on the ballot. In other words, it was the intention of the Legislature to grant to those individuals who would seek the office if the incumbent decided not to run an opportunity to have their name placed upon the ballot in those instances where the incumbent files for reelection and then decides not to have his name placed on the ballot.

In the instant case the incumbent's name will not appear on the ballot for the reason that he did not pay the balance of the assessment (Attorney General Opinion No. WW-1294 (1962)) and he notified the County Chairman of the Democratic Party that he was not seeking reelection. It is our opinion that the incumbent "withdrew his candidacy by his refusal to pay the assessment within the meaning of Subdivision 2(i)(i) of Section 2a of Article 13.12.

You are therefore advised in answer to your question that the time for filing applications for the Democratic Party's nomination for the office of County Treasurer of Hardin County, under the facts submitted by you, is extended until 6 p.m., March 10, 1970.

## S U M M A R Y

Under the provisions of Section 2a of Article 13.12 of the Texas Election Code the time for filing applications for the Democratic Party's nomination for the office of County Treasurer of Hardin County was extended until 6 p.m., March 10, 1970, by the action of the incumbent County Treasurer notifying the County Chairman of the Democratic Party of his intent to withdraw from the race of County Treasurer after first filing for reelection, together with his refusal to timely pay the balance of his assessment.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Acting Co-Chairman
Gordon Cass
Jim Swearingen

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant